Filed 9/11/20  P. v. Escobar CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057754 |
| v. | (Super. Ct. No. 17CF0051) |
| JOSE MANUEL ESCOBAR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed in part and reversed in part, remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Following a jury trial, defendant Jose Manuel Escobar was convicted of four counts of committing a lewd act upon a child under the age of 14 years. (Pen. Code, § 288, subd. (a).)[1] The jury also found as to each count that defendant committed a sexual offense against more than one victim. (§ 667.61, subds. (b), (e).) The court imposed a prison sentence of 80 years to life.[2]

At sentencing, the court orally ordered defendant not to not harass, intimidate, or threaten the victims or their families pursuant to section 1203.1, and the court prohibited prison visitation between defendant and the victims under section 1202.05. Defendant raises two issues on appeal concerning these orders. First, defendant argues and the Attorney General agrees the protective order under section 1203.1 was unauthorized because that statute applies only when a defendant is placed on probation and defendant was not granted probation. Second, defendant contends and the Attorney General agrees the no-visitation order must be modified to specify it applies only to Jane Doe No. 1, who is still a minor.

For reasons we explain below, we strike the protective order and remand for the trial court to consider whether to impose a no-harassment order under section 1201.3, subdivision (a), or a no-contact order under section 136.2, subdivision (i)(1). We also direct the trial court to modify the no-visitation order to specify its application only to Jane Doe. No. 1 until she turns 18 years old. In all other respects, the judgment is affirmed.

---

[1]     All further statutory references are to the Penal Code.

[2]     The court imposed consecutive terms of 25 years to life on counts 1 and 2 as these offenses occurred between February 2014 and January 2017. (§ 667.61, subd. (j)(2).) The offenses in counts 3 and 4 occurred between December 2002 and July 2006, at which time the punishment for violating section 288, subdivision (a), with a multiple victim enhancement (§ 667.61, subd. (e)) was 15 years to life. (Former § 667.61, subd. (b).) Thus, the court imposed consecutive terms of 15 years to life on counts 3 and 4.

Defendant molested three of his cousins when the girls were under the age of 14 years. On two separate occasions when Jane Doe No. 1 was 10 to 11 years old, defendant put his hands inside her shorts and touched her vaginal area (counts 1 and 2). When Jane Doe No. 2 was five years old, defendant raped her two times (count 3). Two incidents occurred when Jane Doe No. 3 was seven or eight years old. During one incident, defendant put her on his lap and touched her breasts over her clothes, and in the other incident, defendant put his arm around her and moved his hand toward her vaginal area while she was napping (count 4).

During a police interview following his arrest in January 2017, defendant admitted touching Jane Doe No. 1 multiple times, including putting his hand inside her clothes and touching her vaginal area. He also admitted touching Jane Doe No. 2 over her clothes one time and stated that on another occasion, she unzipped his pants and he put his penis "on the side" of her vagina but did not penetrate her. He denied touching Jane Doe No. 3.

## DISCUSSION

At sentencing, the court indicated it intended to issue an order prohibiting "defendant from harassing, intimidating or threatening any of the victims or the victims' families under [section] 1203.1." After determining the defense did not desire a hearing regarding the proposed order, the court made the order. The court then issued a no-visitation order, stating: "the defendant, having been convicted of a violation of Penal Code section 288 and the victim was under the age of 18, therefore, pursuant to [section]

---

[3] Given the issues raised on appeal, we only briefly discuss the facts underlying defendant's convictions.

1202.05, it is ordered that the defendant have absolutely no visitation with the victim. The clerk is to give notice to the Department of Corrections, the parents and the victims." The court's orders are reflected in the minutes of the sentencing hearing but not in the abstract of judgment, and the record does not contain a signed protective order by the court.

Defendant challenges both of the court's orders. He contends the court lacked authority to impose the no-harassment order under section 1203.1 because the statute applies only when a defendant is placed on probation and he was not. Second, he asserts the no-visitation order imposed under section 1202.05 must be limited to apply only to Jane Doe No. 1 until she turns 18 years old. The Attorney General concedes both errors.

*Protective Order Under Section 1203.1*

Here, ostensibly applying section 1203.1, the court ordered defendant to not harass, intimidate, or threaten the victims or their families. Section 1203.1, subdivision (i)(2), authorizes a court to "order as a condition of probation . . . that the defendant stay away from the victim and . . . have no contact with the victim in person, by telephone or electronic means, or by mail." Both parties agree the court's order under section 1203.1 was unauthorized and should be stricken because defendant was not placed on probation but was instead sentenced to prison. (See *People v. Scott* (2012) 203 Cal.App.4th 1303, 1325 [§ 1203.1, subd. (i)(2) "applies only where a defendant is placed upon probation"].) We agree with the parties.

The parties also agree the trial court does have the authority to impose a no-contact order under section 136.2, subdivision (i)(1), because defendant was convicted of an offense that requires registration under section 290, subdivision (c). At the time of defendant's sentencing hearing, section 136.2, subdivision (i)(1) provided: "In all cases in which a criminal defendant has been convicted of a crime . . . that requires the

4

defendant to register pursuant to subdivision (c) of Section 290, *the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime*. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail . . . . It is the intent of the Legislature in enacting this subdivision that the duration of any restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of a victim and his or her immediate family." (Stats. 2018, ch. 805, § 1, italics added.) The Attorney General requests the case be remanded for the trial court to determine whether to issue a no-contact order under section 136.2, subdivision (i)(1) and if so, determine the duration of the order. Defendant agrees a remand is required because the court's current order cannot be construed to be a no-contact order under section 136.2, subdivision (i)(1).

Although not addressed by either party, we note the court may have been relying upon section 1201.3 when imposing the order, rather than section 1203.1, but accidentally inverted the last two numbers of its statutory authority. The record suggests this conclusion because the language used by the court in the order – "prohibit[ing] the defendant from harassing, intimidating or threatening any of the victims or [their] families"—tracks the language in section 1201.3, subdivision (a). Under section 1201.3, subdivision (a), when a defendant is convicted of a sexual offense involving a minor, "the court is authorized to issue orders that would prohibit the defendant . . . for a period up to 10 years, from *harassing, intimidating, or threatening the victim or the victim's family members* or spouse." (Italics added.) If the court did intend to issue an order under section 1201.3, subdivision (a), it was required to determine the duration of the order. This the court did not do.

Thus, a limited remand is appropriate in this case as the court's order, in its current form, is unauthorized and must be stricken. Upon remand, the court can consider whether to impose an order prohibiting defendant from harassing, intimidating, or threatening the victims or their families under section 1201.3, subdivision (a), or issue an order precluding defendant from having any contact with the victims under section 136.2, subdivision (i)(1), and the court should determine the duration of any order it imposes.[4]

*Order Prohibiting Visitation Under Section 1202.05*

In its oral pronouncement of the judgment, the court ordered "defendant have absolutely no visitation with the victim" pursuant to section 1202.05, but then the court instructed the clerk to provide notice to "the victims." The court did not specify which victim or victims to whom the no-visitation order applied.[5] Section 1202.05, subdivision (a) prohibits "all visitation between the defendant and the child victim" "[w]henever a person is sentenced to the state prison . . . for violating Section . . . 288 . . . and the victim . . . *is a child under the age of 18 years* . . . ." (Italics added.) The statute applies "only to victims who are under the age of 18 at the time of the contemplated visitation." (*People v. Scott, supra*, 203 Cal.App.4th at p. 1323.) We agree with the parties that the court's no-visitation order under section 1202.05 can apply only to Jane Doe No. 1, who is still a minor, until her 18th birthday. The other two victims in this case were children when the crimes occurred, but they are now adults. Thus, the court's no-visitation order must be modified to reflect it applies only to Jane Doe No. 1.

---

[4]      We express no opinion as to which order is appropriate in this case.

[5]      The minute order of the sentencing hearing does not provide much more clarity as it states: "Court orders all visitation between the defendant and the child victim be prohibited pursuant to Penal Code [section] 1202.05."

## DISPOSITION

The order issued pursuant to section 1203.1 is stricken, and the matter is remanded for the court to consider issuing a no-harassment order under section 1201.3, subdivision (a), or a no-contact order under section 136.2, subdivision (i)(1), and for the court to determine the duration of any order issued.  The trial court is directed to modify the no-visitation order issued under section 1202.05 to clarify it applies only to the minor Jane Doe No. 1.  In all other respects, the judgment is affirmed.


IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.